# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __WEST VIRGINIA__

UNITED STATES OF AMERICA
v.

LAVAR MATTHEWS
a/k/a "N.Y.", a/k/a "NEW YORK"

**Judgment in a Criminal Case**
(For **Revocation** of Probation or Supervised Release)

Case No.  5:01CR30-17
USM No.  07290-068

Brendan S. Leary
Defendant's Attorney

**THE DEFENDANT:**

X  admitted guilt to violation of __mandatory conditions__ of the term of supervision.

☐  was found in violation of _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Law Violation: No Operator's License and Red Light Violation | 01/31/2010 |
| 2 | Law Violation: No Operator's License | 02/24/2010 |
| 3 | Use and possession of a controlled substance | 11/16/2010 |
| 4 | Use and possession of a controlled substance | 01/05/2011 |
| 5 | Use and possession of a controlled substance | 02/04/2011 |
| 6 | Law Violation: Retail Theft | 10/15/2011 |
| 7 | Law Violation: Theft | 02/06/2012 |

Violation No. 7 admitted by preponderance of the evidence standard.

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  __9216__

Defendant's Year of Birth  __1977__

City and State of Defendant's Residence:
Wheeling, West Virginia

February 21, 2012
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

FREDERICK P. STAMP, JR., U.S. DISTRICT JUDGE
Name and Title of Judge

February 21, 2012
Date

U.S. DISTRICT COURT
FILED AT WHEELING, WV
FEB 21 2012
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

DEFENDANT: LAVAR MATTHEWS a/k/a/ "NY", a/k/a "NEW YORK"
CASE NUMBER: 5:01CR30-17

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Eighteen (18) months.

X  The court makes the following recommendations to the Bureau of Prisons:

    X  That the defendant be incarcerated at a facility as close to his home in Wheeling, West Virginia as possible;

        X  and at a facility where the defendant can participate in substance abuse treatment, as determined by the Bureau of Prisons.

    ☐  That the defendant be allowed to participate in any educational or vocational opportunities while incarcerated, as determined by the Bureau of Prisons.

☐ Pursuant to 42 U.S.C. § 14135A, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the Probation Officer.  <u>DNA previously collected on 08/14/2008</u>

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

    ☐  on _____ , as directed by the United States Marshals Service.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LAVAR MATTHEWS a/k/a/ "NY", a/k/a "NEW YORK"
CASE NUMBER: 5:01CR30-17

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Zero (0) Months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The above drug testing condition is suspended, based on the court's determination that this condition has been satisfied during a previous term of supervision. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer unless previously collected by the Bureau of Prisons. (Check, if applicable.) DNA previously collected on 08/14/2008

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.